UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANGELITO C. MERCADO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02179-JPH-TAB |
| | ) | |
| DRAKE MADDIX Officer, | ) | |
| PRANTHER Deputy, | ) | |
| BRANDON DECKER, | ) | |
| ROBERT MITCHELL Officer, | ) | |
| KYLE YOUNG Officer, | ) | |
| SCHRADER Officer, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING COMPLAINT
AND DIRECTING ISSUANCE AND SERVICE OF PROCESS**

Plaintiff Angelito C. Mercado is a prisoner currently incarcerated at

Bartholomew County Jail in Columbus, Indiana. Dkt. 7-1 at 1. Mr. Mercado

filed this 42 U.S.C. § 1983 excessive force action against the City of Columbus

and multiple law enforcement officers. Dkt. 6. He has paid the filing fee, dkt.

14, and the complaint is ready for screening. Mr. Mercado filed a Motion for

Leave to Amend Complaint on September 28, 2020. Dkt. [7]. That motion is

**GRANTED**. Fed. R. Civil P. 15(a)(2)**.** This Order screens the Amended

Complaint. The clerk shall docket the amended complaint, dkt. 7-1, as a

separate docket entry.

## I.        Screening Standard

Because Mr. Mercado is a prisoner as defined by 28 U.S.C. § 1915A(c),

the Court must screen his complaint under 28 U.S.C. § 1915A(b). Under this

statute, the Court must dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).   In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).  To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.    The Complaint

Mr. Mercado names eight defendants in his amended complaint: (1) the City of Columbus; (2) Sheriff Matt Myers; (3) Deputy Prather; (4) Officer Decker; (5) Officer Mitchell; (6) Officer Young; (7) Officer Shrader; and (8) Officer Maddix. Dkt. 7-1.  Mr. Mercado alleges that on July 15, 2019, he was stopped by Officer Maddix and Deputy Prather and placed under arrest for driving while suspended. Dkt. 7-1 at 2.   Mr. Mercado also alleges that, upon his arrest, Officer Maddix and Deputy Prather called an ambulance to take Mr. Mercado to the hospital and began to search the vehicle that he was in.  *Id.* at 3.  Plaintiff

asserts that this vehicle search violated his constitutional rights. *Id.* at 4.  Mr. Mercado alleges that Officers Decker, Mitchell, Young, and Shrader arrived on scene to assist and participate in the traffic stop and failed to intervene. *Id.* at 4, 6. Plaintiff alleges that he was racially profiled by Officer Maddix and Deputy Prather and that he was racially discriminated against by the other named defendants at the traffic stop. *Id.* at 5.

Upon arriving to the hospital, Mr. Mercado informed hospital staff that he had COVID-19.  Upon hearing this information, hospital staff attempted to perform a COVID-19 test on Mr. Mercado. *Id.* at 4-5.  Mr. Mercado asserts that, after he refused to take the test, Deputy Prather used excessive force by placing him in a choke hold while the other named defendants "held the Plaintiff down." *Id.* at 5.  After Mr. Mercado "became mad," the doctor injected him with a drug which made him unconscious. *Id.*  Plaintiff asserts that, while he was unconscious, officers conducted an illegal search of his person. *Id.*

Further, Mr. Mercado alleges that both Sheriff Myers and the City of Columbus were deliberately indifferent to the need for training and had an unconstitutional policy that "was a direct result of the injury to the Plaintiff." *Id.* at 7.

### III.   Discussion of Claims

#### A. Claims Against the City of Columbus

In order to make out a claim against the City under Section 1983, Mr. Mercado must allege either: (1) an express policy that, when enforced causes a constitutional deprivation; (2) a widespread practice that, although not

authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.  *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1992).  "Proof of a single incident of unconstitutional activity is not sufficient to impose liability... unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy which policy can be attributed to a municipal policymaker."  *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).

Mr. Mercado does not allege that the City of Columbus had either an express policy or widespread practice which caused a constitutional violation. Rather, Mr. Mercado points to Sheriff Myers as a person with final municipal policymaking authority.  Dkt. 7-1 at 7.  However, Mr. Mercado has not identified any existing, unconstitutional policy that can be attributed to Sheriff Myers.

Furthermore, to state a failure to train claim against the City, Mr. Mercado must show that "the City's employee[s] violated his constitutional rights, that the City had a policy or custom of failing to train its employees, and that the failure to train caused the constitutional violation."  *Roach v. City of Evansville*, 111 F.3d 544, 549 (7th Cir. 1997) (quoting *Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 123 (1992)).  "A plaintiff seeking to find a municipality liable under § 1983 must establish a causal nexus between his injury and the municipality's alleged policy or custom."  *Palmquist v. Selvik*,

111 F.3d 1332, 1344 (7th Cir. 1997) (quoting *Monell v. Dep't of Soc. Serv. Of City of New York*, 436 U.S. 658, 690 (1978)).  "Otherwise, we would risk created de facto respondeat superior liability, which is contrary to *Monell*."  *Id.* (quoting *Cornfield By Lewis v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1327 (7th Cir. 1993)).  Here, Mr. Mercado has not identified any such causal nexus between any alleged failure to train and his alleged injuries.  Therefore, his claims against the City must be **dismissed** because he has not alleged any facts that would support municipal liability.

## B. Claims Against Sheriff Myers

A state official "satisfies the personal responsibility requirement of 42 U.S.C. 42 U.S.C. § 1983... if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent."  *Hildebrandt v. Ill. Dep't of Natural Resources,* 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)).  A plaintiff may state an actionable claim against a government official by pleading that a constitutional deprivation was a product of a policy implemented by the official.  *See Gentry*, 65 F.3d at 561.  As stated *supra*, Mr. Mercado has not identified any such policy implemented by Sheriff Myers.

Furthermore, the failure to train claim against Sheriff Myers must also be **dismissed** because Mr. Mercado has not identified a causal nexus between any alleged failure to train and his alleged injuries.  *Palmquist*, 111 F.3d at 1344.

**C. Claims against Officers Decker, Michell, Young, and Shrader**

Officers Decker, Mitchell, Young, and Schrader are named as defendants in the complaint, but any claims against these defendants must be **dismissed** because there are no allegations of wrongdoing on their part. "Individual liability under § 1983... requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (citing *Wolf-Lillie v. Sonquist*, 669 F.2d 864, 869 (7th Cir. 1983)

"For constitutional violations under § 1983 or *Bivens*, a government official is only liable for his or her own misconduct." *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015). The Amended Complaint does not allege any misconduct on the part of Officers Decker, Mitchell, Young, or Schrader. The only portion of the complaint which specifically names these officers is to allege that "arrived on the scene to assist and participate," in the traffic stop. *See* dkt. 7-1 at 4. While Mr. Mercado alleges that these officers failed to intervene, he does not allege any ongoing constitutional violation at the time that they arrived. Therefore, there would not be a failure to intervene. *Fillmore v. Page*, 358 F.3d 496, 506 (7th Cir. 2004). Because Mr. Mercado does not allege any misconduct on the part of these named officers, the claims against them must be **dismissed.**

**D. Claims against Officer Maddix**

Liberally construed, the allegations in the complaint are sufficient to plausibly assert claims for Fourth Amendment unlawful search, Fourteenth

Amendment equal protection violations, and gross negligence which **shall proceed** against Officer Maddix.

### E. Claims against Deputy Prather

Liberally construed, the allegations in the complaint are sufficient to plausibly assert Fourth Amendment unlawful search and excessive forth claims, and a Fourteenth Amendment equal protection claim, which **shall proceed** against Deputy Prather.

No other claims or defendants have been identified in the complaint. Should Mr. Mercado believe that the Court has overlooked a claim or defendant, he shall have through **November 20, 2020**, to identify those omissions to the Court.

### F. Directing Service of Process

The clerk is directed under Federal Rule of Civil Procedure 4(c)(3) to issue process to defendants (1) Officer Maddix; and (2) Deputy Prather in the manner specified by Rule 4(d).  Process shall consist of the Amended Complaint, dkt. 7-1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.  The clerk **is directed to update** the docket to reflect that Officer Maddix and Deputy Prather are the only defendants remaining in this action; City of Columbus, Sheriff Myers, Officer Mitchell, Officer Young, and Officer Shrader should be terminated from the docket.

**SO ORDERED.**

Date: 10/22/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANGELITO C. MERCADO
BARTHOLOMEW COUNTY JAIL
543 2nd Street
Columbus, IN 47201

Officer Maddix
Columbus Police Department
123 Washington Street
Columbus, IN 47201

Deputy Prather
Bartholomew County Sheriff's Department
543 2nd Street
Columbus, IN 47201