UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELITO C. MERCADO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-02179-JPH-TAB |
| ) | |
| DRAKE MADDIX Officer, ) | |
| PRANTHER Deputy, ) | |
| ) | |
| Defendants. ) | |

**ORDER SCREENING AMENDED COMPLAINT AND DIRECTING ISSUANCE AND SERVICE OF SERVICE**

Plaintiff Angelito Mercado is a prisoner currently incarcerated at Bartholomew County Jail in Columbus, Indiana. Dkt. 19-1 at 1. Mr. Mercado filed this 42 U.S.C. § 1983 action against the City of Columbus and multiple law enforcement officers. Dkt. 6. Mr. Mercado was granted leave to file an amended complaint on December 30, 2020. Dkt. 27. The clerk is **directed** to docket the second amended complaint, dkt. 19-1, as a separate docket entry.

**I.    Screening Standard**

Because Mr. Mercado is a prisoner as defined by 28 U.S.C. § 1915A(c), the Court must screen his amended complaint under 28 U.S.C. § 1915A(b). Under this statute, the Court must dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In determining whether the amended complaint states a claim, the Court applies the same standard as

1

when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.   The Second Amended Complaint

For the most part, the facts alleged in the second amended complaint are essentially the same as those from the first amended complaint that are summarized in the Court's screening order. *See* dkt. 8.

The second amended complaint alleges new facts against four officers who were dismissed in the Court's original screening order. Dkt. 8. Mr. Mercado now alleges that Officers Decker, Young, Mitchell, and Schrader participated in the search of his vehicle, failed to intervene, and "conspired together so that the plaintiff could be arrested." Dkt. 19-1 at 3. Mr. Mercado also alleges that Officers Decker, Young, and Mitchell "held the plaintiff's legs down with force and pain while the plaintiff was already shackled and handcuffed to the hospital bed." *Id.* at 4.

These allegations are sufficient to plausibly assert claims for unlawful search in violation of the Fourth Amendment and failure to intervene in violation of the Fourteenth Amendment against all four officers.

These allegations are also sufficient to plausibly assert claims for excessive force in violation of the Fourth Amendment against Officers Decker, Young, and Mitchell.

The second amended complaint also brings two new claims against all named defendants. First, Mr. Mercado alleges that Deputy Prather and Officers Decker, Mitchell, Schrader, Young, and Maddix "conspired together so that the plaintiff could be arrested," in violation of 42 U.S.C. § 1985. *Id.* at 3. Second, Mr. Mercado alleges that all named defendants violated 42 U.S.C. § 1983 by arresting him in retaliation for "his numerous civil lawsuits against the police department officers." *Id.* at 5.

The allegations are sufficient to plausibly assert claims for conspiracy under 42 U.S.C. § 1985 and retaliation under 42 U.S.C. § 1983 against all named defendants.

The second amended complaint also alleges that Mr. Mercado's vehicle was seized and impounded in violation of Fourteenth Amendment Due Process. Dkt. 19-1 at 3-4. However, Due Process is not implicated by "an unauthorized intentional deprivation of property by a state employee" where the state has provided a "meaningful post-deprivation remedy for the loss." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The Indiana Tort Claims Act provides a

sufficient remedy for loss of personal property. *Hossman v. Spradlin*, 812 F.2d 1019, 1023 (7th Cir. 1987).

The second amended complaint does not allege that Mr. Mercado had a medical need or suffered an injury that defendants were aware of. Therefore, Mr. Mercado's deliberate indifference claim must be **dismissed.** *See Ortiz v. City of Chicago*, 656 F.3d 523, 530-31 (7th Cir. 2011).

### III. Summary of Claims and Opportunity to Respond

Liberally construed, the allegations in the second amended complaint are sufficient to plausibly assert the following claims which **shall proceed**:

- Claims against Officer Decker, Officer Mitchell, and Officer Young for: (1) Fourth Amendment unlawful search and excessive force; (2) Fourteenth Amendment equal protection and failure to intervene; (3) 42 U.S.C. § 1985 conspiracy; and (4) 42 U.S.C. § 1983 retaliation.

- Claims against Officer Schrader for: (1) Fourth Amendment unlawful search; (2) Fourteenth Amendment equal protection and failure to intervene; (3) 42 U.S.C. § 1985 conspiracy; and (4) 42 U.S.C. § 1983 retaliation.

- Claims against Officer Maddix for: (1) Fourth Amendment unlawful search; (2) Fourteenth Amendment equal protection and failure to intervene; (3) 42 U.S.C. § 1985 conspiracy; and (4) 42 U.S.C. § 1983 retaliation and false arrest.

- Claims against Deputy Prather for: (1) Fourth Amendment unlawful search and excessive force; (2) Fourteenth Amendment equal

protection and failure to intervene; (3) 42 U.S.C. § 1985 conspiracy; and (4) 42 U.S.C. § 1983 retaliation and false arrest.

The Court has not identified any other claims or defendants in the second amended complaint. Should Mr. Mercado believe that the Court has overlooked a claim or defendant, he shall have through February 26, 2021 to identify those omissions to the Court.

### IV. Directing Service of Process

The clerk is **directed** under Federal Rule of Civil Procedure 4(c)(3) to issue process to defendants (1) Officer Decker; (2) Officer Mitchell; (3) Officer Young; and (4) Officer Schrader in the manner specified by Rule 4(d). Process shall consist of the Second Amended Complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The clerk is **directed** to update the docket to add Officer Decker, Officer Mitchell, Officer Young, and Officer Shrader as defendants in this action.

**SO ORDERED.**

Date: 1/28/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANGELITO C. MERCADO
BARTHOLOMEW COUNTY JAIL
543 2nd Street
Columbus, IN 47201

Rosemary L. Borek
STEPHENSON MOROW & SEMLER

rborek@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Officer Decker
Columbus Police Department
123 Washington Street
Columbus, IN 47201

Officer Mitchell
Columbus Police Department
123 Washington Street
Columbus, IN 47201

Officer Schrader
Columbus Police Department
123 Washington Street
Columbus, IN 47201

Officer Young
Columbus Police Department
123 Washington Street
Columbus, IN 47201