UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELITO C. MERCADO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-02179-JPH-TAB |
| | ) |
| DRAKE MADDIX Officer, | ) |
| DYLAN PRATHER, | ) |
| DECKER Officer, | ) |
| MITCHELL Officer, | ) |
| YOUNG Officer, | ) |
| SCHRADER Officer, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| KYLE YOUNG Officer, Consolidated Defendant 1:20-cv-02887-JRS-MJD, | ) |
| MICHAEL RICHARDSON Consolidated Defendant 1:20-cv-02179-JPH-TAB, | ) |
| TOBY COMBEST Consolidated Defendant 1:20-cv-02179-JPH-TAB, | ) |
| STEVE NORMAN Deputy Chief Consolidated Defendant 1:20-cv-02179, | ) |
| | ) |
| Consol Defendants. | ) |

**ORDER**

Plaintiff, Angelito Mercado, is a prisoner currently incarcerated at Bartholomew County Jail in Columbus, Indiana. Dkt. 19-1 at 1. In August 2020, Mr. Mercado filed this original suit against the City of Columbus and multiple law enforcement officers for constitutional violations. Dkt. 6. In November 2020, Mr. Mercado filed a second suit in Bartholomew County

1

Superior Court that was later removed to federal district court. *Mercado v. Young,* 1:20-cv-02887-JRS-MJD, dkt. 1 (S.D. Ind. 2020). In April 2021, Magistrate Judge Baker ordered the two cases be consolidated and ordered Mr. Mercado to file a consolidated complaint "encompass[ing] all the claims asserted in both of these cases" but not "add[ing] new parties or new claims." *Id.* at dkt. 23. Mr. Mercado did so, dkt. 109, and that complaint is now ripe for screening.

## I.
## Screening Standard

Because Mr. Mercado is a prisoner as defined by 28 U.S.C. § 1915A(c), the Court must screen his consolidated complaint under 28 U.S.C. § 1915A(b). Under this statute, the Court must dismiss a complaint or any claim within a complaint which is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats,* 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Pro se complaints are construed

liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. The Consolidated Complaint

### A. Claims and defendants in Mr. Mercado's first case

Mr. Mercado's consolidated complaint contains claims and defendants which have already been screened. *See* dkt. 36. Mr. Mercado includes essentially the same allegations against these defendants in his consolidated complaint. Thus, the claims against Officer Maddix, Deputy Prather, Officer Decker, Officer Mitchell, and Officer Schrader identified in the previous screening order, dkt. 36, may proceed.

Officer Young was listed as a defendant in both cases. While an excessive force claim was originally allowed to proceed against Officer Young, *see id.*, in the consolidated complaint Mr. Mercado fails to mention Officer Young as one of the officers that participated in the alleged excessive force incident. Therefore, he has failed to state an excessive force claim against Officer Young, and the claim that was originally allowed to proceed must be **dismissed**.

### B. Claims and defendants in Mr. Mercado's second case

The consolidated complaint contains three new defendants, Chief Michael Richardson, Deputy Chief Steve Norman, and Officer Toby Combest, and brings additional claims against Officer Young. Dkt. 109 at 1.

### 1. Officer Combest

Mr. Mercado alleges that Officer Combest: (1) refused to properly investigate complaints he filed with the police department; (2) conspired with Chief Richardson and Deputy Chief Norman to keep the misconduct of Officer Maddix hidden; (3) failed to intervene on Mr. Mercado's behalf; (4) retaliated against him for filing various lawsuits; and (5) treated him differently than another person in the same situation. *Id.* at 13.

Liberally construed, the allegations in the consolidated complaint are sufficient to plausibly assert claims against Officer Combest for conspiracy under 42 U.S.C. § 1985, failure to intervene and equal protection in violation of the Fourteenth Amendment, and retaliation under 42 U.S.C. § 1983.

### 2. Officer Young

The new allegations as to Officer Young are that he: (1) refused to properly investigate Mr. Mercado's complaints; (2) conspired with Chief Richardson and Deputy Chief Norman to fail to investigate his complaints; and (3) treated him differently from another person in a similar situation. *Id.* at 12.

The new allegations in the consolidated complaint are sufficient to plausibly assert claims against Officer Young for conspiracy under 42 U.S.C. § 1985, failure to intervene and equal protection in violation of the Fourteenth Amendment, and retaliation under 42 U.S.C. § 1983.

### 3. Chief Richardson and Deputy Chief Norman

Mr. Mercado alleges that Chief Richardson and Deputy Chief Norman: (1) have "turned a blind eye to Young's and Combest['s] refusal to properly

4

investigate [his] complaints"; (2) are "deliberately indifferent to [his] rights being violated; (3) conspired with Officers Young and Combest to keep Officer Maddix's misconduct hidden; (4) retaliated against him because of prior lawsuits he has filed; (5) treated him differently from another in a similar situation; and (6) failed to intervene on his behalf. *Id.*

The allegations in the consolidated complaint are sufficient to plausibly assert claims against Chief Richardson and Deputy Chief Norman for conspiracy under 42 U.S.C. § 1985, failure to intervene and equal protection in violation of the Fourteenth Amendment, and retaliation under 42 U.S.C. § 1983.

However, these allegations are not sufficient to plausibly assert a claim of deliberate indifference claims against Chief Richardson and Deputy Chief Norman. Mr. Mercado does not allege that: "(1) the harm to the plaintiff was objectively serious; and (2) [Defendants were] deliberately indifferent to h[is] health or safety." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2004). Thus, Mr. Mercado's deliberate indifference claim must be **dismissed**.

Mr. Mercado

### III. Summary of Claims and Opportunity to Respond

Liberally construed, the allegations in the consolidated complaint are sufficient to plausibly assert the following claims which **shall proceed:**

- Claims against Officer Decker and Officer Mitchell for: (1) Fourth Amendment unlawful search and excessive force; (2) Fourteenth

Amendment equal protection and failure to intervene; (3) 42 U.S.C. § 1985 conspiracy; and (4) 42 U.S.C. § 1983 retaliation.

- Claims against Officer Young for: (1) Fourth Amendment unlawful search; (2) Fourteenth Amendment equal protection and failure to intervene; (3) 42 U.S.C. § 1985 conspiracy; and (4) 42 U.S.C. § 1983 retaliation.

- Claims against Officer Schrader for: (1) Fourth Amendment unlawful search; (2) Fourteenth Amendment equal protection and failure to intervene; (3) 42 U.S.C. § 1985 conspiracy; and (4) 42 U.S.C. § 1983 retaliation.

- Claims against Officer Maddix for: (1) Fourth Amendment unlawful search; (2) Fourteenth Amendment equal protection and failure to intervene; (3) 42 U.S.C. § 1985 conspiracy; and (4) 42 U.S.C. § 1983 retaliation and false arrest.

- Claims against Deputy Prather for: Fourth Amendment unlawful search and excessive force; (2) Fourteenth Amendment equal protection and failure to intervene; (3) 42 U.S.C. § 1985 conspiracy; and (4) 42 U.S.C. § 1983 retaliation and false arrest.

- Claims against Officer Combest for: (1) Fourteenth Amendment equal protection and failure to intervene; (2) 42 U.S.C. § 1985 conspiracy; and (3) 42 U.S.C. § 1983 retaliation.

- Claims against Chief Richardson and Deputy Chief Norman for: (1) Fourteenth Amendment equal protection and failure to intervene; (2) 42 U.S.C. § 1985 conspiracy; and (3) 42 U.S.C. § 1983 retaliation.

The Court has not identified any other claims or defendants in the consolidated complaint.  Should Mr. Mercado believe that the Court has overlooked a claim or defendant, he shall have through **September 13, 2021** to identify those omissions to the Court.

## IV.
## Conclusion

The claims listed above **shall proceed** against the named defendants. The **clerk is directed** to terminate City of Columbus as a defendant on the docket.

**SO ORDERED.**

Date: 8/16/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANGELITO C. MERCADO
BARTHOLOMEW COUNTY JAIL
543 2nd Street
Columbus, IN 47201

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com

James Alex Emerson

COOTS HENKE & WHEELER, P.C.
aemerson@chwlaw.com

Matthew L. Hinkle
COOTS HENKE & WHEELER
mhinkle@chwlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com